| Fill in this information to identify the case: | |
|---|---|
| United States Bankruptcy Court for the: **District of New Jersey** (State) | |
| Case number *(if known)*: _____ Chapter **11** | ☐ Check if this is an amended filing |

Official Form 201

# Voluntary Petition for Non-Individuals Filing for Bankruptcy

04/25

If more space is needed, attach a separate sheet to this form. On the top of any additional pages, write the debtor's name and the case number (if known). For more information, a separate document, *Instructions for Bankruptcy Forms for Non-Individuals*, is available.

| | | | |
|---|---|---|---|
| 1. | **Debtor's Name** | **Pretium Packaging, L.L.C.** | |
| 2. | **All other names debtor used in the last 8 years** Include any assumed names, trade names, and *doing business as* names | | |
| 3. | **Debtor's federal Employer Identification Number** (EIN) | **43-1817802** | |
| 4. | **Debtor's address** | **Principal place of business** **1555 Page Industrial Blvd** Number       Street | **Mailing address, if different from principal place of business** Number       Street P.O. Box |
| | | **St. Louis           MO       63132** City           State     Zip Code | City            State      Zip Code |
| | | | **Location of principal assets, if different from principal place of business** |
| | | **St. Louis County** County | **208 Cougar Court** Number       Street |
| | | | **Hillsborough        NJ       08854** City            State      Zip Code |
| 5. | **Debtor's website** (URL) | **https://www.pretiumpkg.com/** | |
| 6. | **Type of debtor** | ☒ Corporation (including Limited Liability Company (LLC) and Limited Liability Partnership (LLP)) ☐ Partnership (excluding LLP) ☐ Other. Specify: _____ | |

Debtor __Pretium Packaging, L.L.C._____     Case number *(if known)* _____
      Name

---

7. **Describe debtor's business**

   A. *Check One:*

   ☐ Health Care Business (as defined in 11 U.S.C. § 101(27A))

   ☐ Single Asset Real Estate (as defined in 11 U.S.C. § 101(51B))

   ☐ Railroad (as defined in 11 U.S.C. § 101(44))

   ☐ Stockbroker (as defined in 11 U.S.C. § 101(53A))

   ☐ Commodity Broker (as defined in 11 U.S.C. § 101(6))

   ☐ Clearing Bank (as defined in 11 U.S.C. § 781(3))

   ☒ None of the above

   B. *Check all that apply:*

   ☐ Tax-exempt entity (as described in 26 U.S.C. § 501)

   ☐ Investment company, including hedge fund or pooled investment vehicle (as defined in 15 U.S.C. § 80a-3)

   ☐ Investment advisor (as defined in 15 U.S.C. § 80b-2(a)(11))

   C. NAICS (North American Industry Classification System) 4-digit code that best describes debtor. See http://www.uscourts.gov/four-digit-national-association-naics-codes .
   **3261**

8. **Under which chapter of the Bankruptcy Code is the debtor filing?**

   *Check One:*

   ☐ Chapter 7

   ☐ Chapter 9

   ☒ Chapter 11. *Check **all** that apply:*

       ☐ Debtor's aggregate noncontingent liquidated debts (excluding debts owed to insiders or affiliates) are less than $3,424,000 (amount subject to adjustment on 4/01/28 and every 3 years after that).

       ☐ The debtor is a small business debtor as defined in 11 U.S.C. § 101(51D). If the debtor is a small business debtor, attach the most recent balance sheet, statement of operations, cash-flow statement, and federal income tax return or if all of these documents do not exist, follow the procedure in 11 U.S.C. § 1116(1)(B).

       ☐ The debtor is a small business debtor as defined in 11 U.S.C. § 101(51D), and it chooses to proceed under Subchapter V of Chapter 11.

       ☒ A plan is being filed with this petition.

       ☒ Acceptances of the plan were solicited prepetition from one or more classes of creditors, in accordance with 11 U.S.C. § 1126(b).

       ☐ The debtor is required to file periodic reports (for example, 10K and 10Q) with the Securities and Exchange Commission according to § 13 or 15(d) of the Securities Exchange Act of 1934. File the *Attachment to Voluntary Petition for Non-Individuals Filing for Bankruptcy under Chapter 11* (Official Form 201A) with this form.

       ☐ The debtor is a shell company as defined in the Securities Exchange Act of 1934 Rule 12b-2.

   ☐ Chapter 12

9. **Were prior bankruptcy cases filed by or against the debtor within the last 8 years?**

   If more than 2 cases, attach a separate list.

   ☒ No
   ☐ Yes.    District _____ When __MM/DD/YYYY__ Case number _____

                District _____ When __MM/DD/YYYY__ Case number _____

---

Debtor    **Pretium Packaging, L.L.C.**                                         Case number *(if known)*
          Name

| 10. Are any bankruptcy cases pending or being filed by a business partner or an affiliate of the debtor? | ☐ No<br>☒ Yes. | Debtor | **See Rider 1** | Relationship | **Affiliate** |
|---|---|---|---|---|---|
| List all cases. If more than 1, attach a separate list. | | District | **District of New Jersey** | When | **1/28/2026**<br>MM/DD/YYYY |
| | | Case number, if known | | | |

**11. Why is the case filed in *this* district?**

*Check all that apply:*

☒ Debtor has had its domicile, principal place of business, or principal assets in this district for 180 days immediately preceding the date of this petition or for a longer part of such 180 days than in any other district.

☐ A bankruptcy case concerning debtor's affiliate, general partner, or partnership is pending in this district.

**12. Does the debtor own or have possession of any real property or personal property that needs immediate attention?**

☒ No
☐ Yes. Answer below for each property that needs immediate attention. Attach additional sheets if needed.

**Why does the property need immediate attention?** (*Check all that apply.*)

☐ It poses or is alleged to pose a threat of imminent and identifiable hazard to public health or safety.

What is the hazard? _____

☐ It needs to be physically secured or protected from the weather.

☐ It includes perishable goods or assets that could quickly deteriorate or lose value without attention (for example, livestock, seasonal goods, meat, dairy, produce, or securities-related assets or other options).

☐ Other _____

**Where is the property?**    _____
                              Number    Street

_____
City                State    Zip Code

**Is the property insured?**

☐ No
☐ Yes.  Insurance agency  _____
        Contact name       _____
        Phone              _____

---

**Statistical and administrative information**

**13. Debtor's estimation of available funds**

*Check one:*

☒ Funds will be available for distribution to unsecured creditors.
☐ After any administrative expenses are paid, no funds will be available for distribution to unsecured creditors.

**14. Estimated number of creditors (on a consolidated basis)**

| | | |
|---|---|---|
| ☐ 1-49 | ☐ 1,000-5,000 | ☐ 25,001-50,000 |
| ☐ 50-99 | ☒ 5,001-10,000 | ☐ 50,001-100,000 |
| ☐ 100-199 | ☐ 10,001-25,000 | ☐ More than 100,000 |
| ☐ 200-999 | | |

Debtor    **Pretium Packaging, L.L.C.**              Case number *(if known)*
         Name

**15. Estimated assets (on a consolidated basis)**
- ☐ $0-$50,000
- ☐ $50,001-$100,000
- ☐ $100,001-$500,000
- ☐ $500,001-$1 million
- ☐ $1,000,001-$10 million
- ☐ $10,000,001-$50 million
- ☐ $50,000,001-$100 million
- ☐ $100,000,001-$500 million
- ☐ $500,000,001-$1 billion
- ☒ $1,000,000,001-$10 billion
- ☐ $10,000,000,001-$50 billion
- ☐ More than $50 billion

**16. Estimated liabilities (on a consolidated basis)**
- ☐ $0-$50,000
- ☐ $50,001-$100,000
- ☐ $100,001-$500,000
- ☐ $500,001-$1 million
- ☐ $1,000,001-$10 million
- ☐ $10,000,001-$50 million
- ☐ $50,000,001-$100 million
- ☐ $100,000,001-$500 million
- ☐ $500,000,001-$1 billion
- ☒ $1,000,000,001-$10 billion
- ☐ $10,000,000,001-$50 billion
- ☐ More than $50 billion

### Request for Relief, Declaration, and Signatures

**WARNING --** Bankruptcy fraud is a serious crime. Making a false statement in connection with a bankruptcy case can result in fines up to $500,000 or imprisonment for up to 20 years, or both. 18 U.S.C. §§ 152, 1341, 1519, and 3571.

**17. Declaration and signature of authorized representative of debtor**

The debtor requests relief in accordance with the chapter of title 11, United States Code, specified in this petition.

I have been authorized to file this petition on behalf of the debtor.

I have examined the information in this petition and have a reasonable belief that the information is true and correct.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on    **1/28/2026**
              MM/DD/YYYY

✗ **/s/ J. Federico Barreto**                    **J. Federico Barreto**
Signature of authorized representative of debtor    Printed name

Title    **Chief Financial Officer, Secretary and Treasurer**

**18. Signature of attorney**

✗ **/s/ Michael D. Sirota**            Date    **1/28/2026**
Signature of attorney for debtor               MM/DD/YYYY

**Michael D. Sirota**
Printed name

**Cole Schotz P.C.**
Firm name

**Court Plaza North, 25 Main Street**
Number         Street

**Hackensack**                        **New Jersey**    **07601**
City                                  State           ZIP Code

**(201) 489-3000**                    **msirota@coleschotz.com**
Contact phone                         Email address

**014321986**                         **New Jersey**
Bar number                            State

| **Fill in this information to identify the case**: |
| --- |
| United States Bankruptcy Court for the: **District of New Jersey** (State) |
| Case number *(if known)*: _____  Chapter **11** |

☐ Check if this is an amended filing

### Rider 1
### Pending Bankruptcy Cases Filed by the Debtor and Affiliates of the Debtor

On the date hereof, each of the entities listed below (collectively, the "Debtors") filed a petition in the United States Bankruptcy Court for the District of New Jersey for relief under chapter 11 of title 11 of the United States Code. The Debtors have moved for joint administration of these cases under the case number assigned to the chapter 11 case of Pretium Packaging, LLC.

- Pretium Packaging, L.L.C.
- Alpha Consolidated Holdings, LLC
- Mont Royal, L.L.C.
- Olcott Plastics, LLC
- Poseidon Investment Intermediate, Inc.
- Poseidon Parent, L.P.
- Pretium Canada Packaging ULC
- Pretium Holding, LLC
- Pretium PKG Holdings, Inc.
- Starplex Scientific Corp.

**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF NEW JERSEY**

| | )  | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| PRETIUM PACKAGING, L.L.C., | ) | Case No. 26-_____(___) |
| | ) | |
| Debtor. | ) | |
| | ) | |

**LIST OF EQUITY SECURITY HOLDERS[1]**

| Equity Holder | Address of Equity Holder | Percentage of Equity Held |
|---|---|---|
| Pretium Holding, LLC | 1555 Page Industrial Blvd<br>St. Louis, MO 63132 | 100% |

---

[1] This list serves as the disclosure required to be made by the debtor pursuant to Rule 1007 of the Federal Rules of Bankruptcy Procedure. All equity positions listed indicate the record holder of such equity as of the date of commencement of the chapter 11 case.

**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF NEW JERSEY**

| | |
|---|---|
| In re: | Chapter 11 |
| PRETIUM PACKAGING, L.L.C., | Case No. 26-_____(___) |
| Debtor. | |

**CORPORATE OWNERSHIP STATEMENT**

Pursuant to Rules 1007(a)(1) and 7007.1 of the Federal Rules of Bankruptcy Procedure, the following are corporations, other than a government unit, that directly or indirectly own 10% or more of any class of the debtor's equity interest:

| Shareholder | Approximate Percentage of Shares Held |
|---|---|
| Pretium Holding, LLC | 100% |

**Fill in this information to identify the case:**

Debtor name: __Pretium Packaging, L.L.C.__

United States Bankruptcy Court for the: District of __New Jersey__ (State)

Case number (If known): _____

☐ Check if this is an amended filing

# Official Form 204

## Chapter 11 or Chapter 9 Cases: List of Creditors Who Have the 30 Largest Unsecured Claims and Are Not Insiders    12/15

A list of creditors holding the 30 largest unsecured claims must be filed in a Chapter 11 or Chapter 9 case. Include claims which the debtor disputes. Do not include claims by any person or entity who is an *insider,* as defined in 11 U.S.C. § 101(31). Also, do not include claims by secured creditors, unless the unsecured claim resulting from inadequate collateral value places the creditor among the holders of the 30 largest unsecured claims.

| | Name of creditor and complete mailing address, including zip code | Name, telephone number, and email address of creditor contact | Nature of the claim (for example, trade debts, bank loans, professional services, and government contracts) | Indicate if claim is contingent, unliquidated, or disputed | Amount of unsecured claim | | |
|---|---|---|---|---|---|---|---|
| | | | | | Total claim, if partially secured | Deduction for value of collateral or setoff | Unsecured claim |
| 1 | **Polymers Sales & Logistic**<br>PO Box 7886<br>The Woodlands, TX 77387 | Attn: Sol Gonzalez<br>877-738-2878<br>sol.gonzalez@mgpolimeros.com | Trade Claim | | | | $ 2,841,385.99 |
| 2 | **Equistar Chemicals, L.P.**<br>PO Box 301673<br>Dallas, TX 75303-1673 | Attn: Matt Bridgeman<br>888-777-0232 x2843<br>matt.bridgeman@lyb.com | Trade Claim | | | | $ 1,799,387.59 |
| 3 | **Alpek Polyester**<br>7621 Little Avenue<br>Suite 500<br>Charlotte, NC 28226 | Attn: James Davis<br>704-940-7500<br>james.davis@alpekpolyester.com | Trade Claim | | | | $ 1,560,904.74 |
| 4 | **Shell Chemical LP**<br>PO Box 7247-6189<br>Philadelphia, PA 19170 | Attn: Jasmine Okoli<br>832-337-2013<br>jasmine.okoli@shell.com | Trade Claim | | | | $ 959,914.61 |
| 5 | **St Louis County Dept of Revenue**<br>St. Louis County Government<br>41 S Central Ave<br>St. Louis, MO 63105 | Attn: Collector of Revenue<br>314-615-2555<br>collector@stlouiscountymo.gov | Tax Claim | | | | $ 839,393.76 |
| 6 | **First Nations Pallet Solutions, LLC**<br>300 Colonial Center Parkway Suite 100N<br>Roswell, GA 30076 | Attn: Jessica Meyer<br>800-810-7109<br>accounting@firstnationspallet solutions.com | Trade Claim | | | | $ 759,423.92 |
| 7 | **International Paper**<br>1689 Solutions Center<br>Chicago, IL 60677-1006 | Attn: Paige Craig<br>901-419-1826<br>Paige.Craig@ipaper.com | Trade Claim | | | | $ 716,072.22 |
| 8 | **Polyquest Inc**<br>1979 Eastwood Rd<br>Suite 201<br>Wilmington, NC 28403 | Attn: Ryan Huckaby<br>843-393-3465 ext 345<br>ryanhuckaby@polyquest.com | Trade Claim | | | | $ 468,311.82 |

Official Form 204    Chapter 11 or Chapter 9 Cases: List of Creditors Who Have the 30 Largest Unsecured Claims    page 1

Debtor  **Pretium Packaging, L.L.C.**
Name

Case number *(if known)*_____

| # | Name of creditor and complete mailing address, including zip code | Name, telephone number, and email address of creditor contact | Nature of the claim (for example, trade debts, bank loans, professional services, and government) | Indicate if claim is contingent, unliquidated, or disputed | Amount of unsecured claim — Total claim, if partially secured | Deduction for value of collateral or setoff | Unsecured claim |
|---|---|---|---|---|---|---|---|
| 9 | **Koksan Pet Packaging Ltd**<br>7350 Fairfield Lakes Dr<br>Powell, OH 43065 | Attn: Miyesser Erdogan<br>614-535-7008<br>miyesser.erdogan@koksan.com | Trade Claim | | | | $ 407,414.25 |
| 10 | **Christienne Black**<br>c/o Greenberg Gross LLC<br>650 Town Center Drive, Suite 1700<br>Costa Mesa, CA 92626 | Attn: Donna Bustos<br>949-383-2800<br>dbustos@ggtriallaw.com | Legal Settlement | | | | $ 365,256.32 |
| 11 | **Nan Ya Plastics Corp**<br>PO Box 939<br>Lake City, SC 29560 | Attn: Jessica Wilkes<br>843-319-0378<br>sales@nalc.npc.com | Trade Claim | | | | $ 363,435.45 |
| 12 | **National Plastics Color Inc.**<br>100 W. Industrial Valley Center<br>Kansas City, KS 67147 | Attn: Ashley Ree<br>316-755-1273 ext 3040<br>aree@nationalplasticscolor.com | Trade Claim | | | | $ 362,985.50 |
| 13 | **Preform Solutions, Inc.**<br>3801 N 4th Ave<br>Sioux Falls, SD 57104 | Attn: Stacy Hanson<br>605-335-6478<br>stacyh@preformsolutions.com | Trade Claim | | | | $ 359,735.42 |
| 14 | **CNA Risk Management**<br>23453 Network Place<br>Chicago, IL 60673-1234 | Attn: Pamela Deaton<br>866-958-2455<br>chicagocollections@cna.com | Trade Claim | | | | $ 354,659.00 |
| 15 | **Rocky Mountain Power**<br>PO Box 26000<br>Portland, OR 97256 | Attn: Dick Garlish<br>866-870-3419<br>accountnotices@rockymountainpower.net | Trade Claim | | | | $ 340,289.53 |
| 16 | **C.H. Robinson**<br>PO Box 9121<br>Minneapolis, MN 55480 | Attn: Winston Ashford<br>216-643-3275<br>winston.ashford@chrobinson.com | Trade Claim | | | | $ 264,539.40 |
| 17 | **Selig Sealing Products, Inc**<br>342 E. Wabach Ave<br>Forrest, IL 61741 | Attn: Paula Schilling<br>630-240-6740<br>ar@seligsealing.com | Trade Claim | | | | $ 219,487.20 |
| 18 | **INEOS Olefins & Polymers USA**<br>2600 South Shore Blvd<br>Suite 500<br>League City, TX 77573 | Attn: Katherine Kennington<br>281-535-6888<br>katherine.kennington@ineos.com | Trade Claim | | | | $ 216,978.12 |
| 19 | **Tricorbraun Inc**<br>3923 Shutterfly Rd<br>Suite 300<br>Charlotte, NC 28273 | Attn: Kelley Kriens<br>704-697-6700<br>kelley.kriens@tricorbraun.com | Trade Claim | | | | $ 212,950.24 |
| 20 | **Nexeo Plastics**<br>1780 Hughes Landing Blvd<br>Suite 1000<br>The Woodlands, TX 77380 | Attn: Tonie D'Addario<br>514-863-2589<br>adaddario@nexeoplastics.com | Trade Claim | | | | $ 207,158.70 |

| | Name of creditor and complete mailing address, including zip code | Name, telephone number, and email address of creditor contact | Nature of the claim (for example, trade debts, bank loans, professional services, and government | Indicate if claim is contingent, unliquidated, or disputed | Amount of unsecured claim If the claim is fully unsecured, fill in only unsecured claim amount. If claim is partially secured, fill in total claim amount and deduction for value of collateral or setoff to calculate unsecured claim. | | |
|---|---|---|---|---|---|---|---|
| | | | | | Total claim, if partially secured | Deduction for value of collateral or setoff | Unsecured claim |
| 21 | **Penn Color Inc**<br>2755 Bergey Road<br>Hatfield, PA 19440 | Attn: Karen Danner<br>215-997-2221<br>accountsreceivable@penncolor.com | Trade Claim | | | | $ 187,981.03 |
| 22 | **Palm Tree De LLC**<br>11755 Wilshire Blvd<br>Suite 2300<br>Los Angeles, CA 90025 | Attn: Joseph Wade<br>310-636-2050<br>ar@palmtree.com | Professional Services | | | | $ 172,339.23 |
| 23 | **Husky Injection Molding**<br>288 North Road<br>Milton, VT 5468 | Attn: Josh E<br>800-465-4875<br>creditgroup@husky.ca | Trade Claim | | | | $ 131,228.99 |
| 24 | **Cintas Corporation**<br>PO Box 636525<br>Cincinatti, OH 45263-6525 | Attn: Stephanie Tulodziecki<br>812-877-9115<br>TulodzieckiS@cintas.com | Trade Claim | | | | $ 124,799.52 |
| 25 | **Versum Materials US**<br>8555 South River Parkway<br>Tempe, AZ 85284-2601 | Attn: Online Portal<br>314-300-7528<br>vmnabilling@emdgroup.com | Trade Claim | | | | $ 121,110.53 |
| 26 | **DCT White Oak Circle LLC**<br>6250 N. River Road<br>Suite 1000<br>Rosemount, IL 60018 | Attn: Kathy Eoff<br>317-228-5232<br>keoff@prologis.com | Trade Claim | | | | $ 116,897.47 |
| 27 | **Opensesame Inc**<br>1606 Headway Cir<br>Suite 9405<br>Austin, TX 78754 | Attn: Don Spear<br>503-808-1268<br>ar@opensesame.com | Trade Claim | | | | $ 109,800.00 |
| 28 | **Great Lakes Transport Solution**<br>207 Commerce Drive<br>Suite 102<br>Amherst, NY 14228 | Attn: Victoria Berroth<br>855-968-0668<br>victoria@greatlakestransport.com | Trade Claim | | | | $ 109,713.00 |
| 29 | **A-PAC Manufacturing Co.**<br>2719 Courier Nw<br>Grand Rapids, MI 49534 | Attn: Meriah Foxworthy<br>616-791-7222<br>info@polybags.com | Trade Claim | | | | $ 104,943.58 |
| 30 | **Holland Colours Americas**<br>1501 Progress Drive<br>Richmond, IN 47374 | Attn: Annamaria Vagasi<br>765-935-0329<br>ir@hollandcolours.com | Trade Claim | | | | $ 104,731.62 |

| Fill in this information to identify the case and this filing: | |
|---|---|
| Debtor Name | **Pretium Packaging, L.L.C.** |
| United States Bankruptcy Court for the: | **District of New Jersey** (State) |
| Case number (If known): | |

# Official Form 202
# Declaration Under Penalty of Perjury for Non-Individual Debtors    12/15

An individual who is authorized to act on behalf of a non-individual debtor, such as a corporation or partnership, must sign and submit this form for the schedules of assets and liabilities, any other document that requires a declaration that is not included in the document, and any amendments of those documents. This form must state the individual's position or relationship to the debtor, the identity of the document, and the date. Bankruptcy Rules 1008 and 9011.

WARNING -- Bankruptcy fraud is a serious crime. Making a false statement, concealing property, or obtaining money or property by fraud in connection with a bankruptcy case can result in fines up to $500,000 or imprisonment for up to 20 years, or both. 18 U.S.C. §§ 152, 1341, 1519, and 3571.

### Declaration and signature

I am the president, another officer, or an authorized agent of the corporation; a member or an authorized agent of the partnership; or another individual serving as a representative of the debtor in this case.

I have examined the information in the documents checked below and I have a reasonable belief that the information is true and correct:

☐ *Schedule A/B: Assets-Real and Personal Property (Official Form 206A/B)*

☐ *Schedule D: Creditors Who Have Claims Secured by Property (Official Form 206D)*

☐ *Schedule E/F: Creditors Who Have Unsecured Claims (Official Form 206E/F)*

☐ *Schedule G: Executory Contracts and Unexpired Leases (Official Form 206G)*

☐ *Schedule H: Codebtors (Official Form 206H)*

☐ *Summary of Assets and Liabilities for Non-Individuals (Official Form 206Sum)*

☐ Amended Schedule

☒ *Chapter 11 or Chapter 9 Cases: List of Creditors Who Have the 30 Largest Unsecured Claims and Are Not Insiders (Official Form 204)*

☒ Other document that requires a declaration **List of Equity Security Holders and Corporate Ownership Statement**

I declare under penalty of perjury that the foregoing is true and correct.

| Executed on | **1/28/2026** | ☒ */s/ J. Federico Barreto* |
|---|---|---|
| | MM/DD/YYYY | Signature of individual signing on behalf of debtor |
| | | **J. Federico Barreto** |
| | | Printed name |
| | | **Chief Financial Officer, Secretary and Treasurer** |
| | | Position or relationship to debtor |

Official Form 202       Declaration Under Penalty of Perjury for Non-Individual Debtors

## OMNIBUS WRITTEN CONSENT IN LIEU OF
## SPECIAL MEETINGS OF THE SPECIAL COMMITTEES,
## BOARDS OF DIRECTORS, BOARDS OF MANAGERS, OR SOLE MEMBERS

### January 25, 2026

The undersigned, being the members of the special committees (each, a "Special Committee," and collectively, the "Special Committees") of the boards of directors (each, a "Board," and collectively, the "Boards") of Poseidon Investment Intermediate, Inc. ("Intermediate"), a Delaware corporation, Pretium PKG Holdings, Inc. ("Holdings"), a Delaware corporation, and all members of the boards of managers, boards of directors, sole member, or sole manager, as applicable (together with the Boards, in each case referred to herein as the "Authorizing Body," and collectively, the "Authorizing Bodies") of Poseidon Parent L.P. ("Parent"), a Delaware limited partnership, and each of its other direct and indirect wholly-owned subsidiaries listed on **Schedule I** hereto (together with Parent, Intermediate, and Holdings, each a "Company," and collectively, the "Companies") hereby take the following actions and adopt the following resolutions (the "Resolutions") by written consent (this "Consent") as of the date first written above, pursuant to the bylaws, limited liability company agreement, memorandum of organization and operating agreement, or the equivalent governing documents (collectively and as applicable, the "Organizational Documents"), of each Company and the applicable laws of the jurisdiction in which each Company is organized:

**WHEREAS**, on September 19, 2025, each Board, in its good faith judgment, appointed David Sabath as an independent and disinterested director (the "Disinterested Director") and the sole member of the Special Committee for each of the Boards for the purpose of (i) engaging in an evaluation of a strategic transaction or a series of strategic transactions (the "Transaction") and (ii) delegating to each Special Committee, to the fullest extent permitted by applicable law, certain rights, authority, and powers in connection with any matter related to a Transaction in which a conflict exists or is reasonably likely to exist between its respective Company, on one hand, and such Company's equity holders, affiliates, subsidiaries, directors, managers, and officers, or other stakeholders, on the other hand, as determined by such Special Committee (each such matter, a "Conflicts Matter");

**WHEREAS**, to the fullest extent permitted by applicable law, each Special Committee is authorized to approve on behalf of its respective Board and take any and all actions with respect to any review, discussion, consideration, deliberation, examination, investigation, analysis, assessment, evaluation, exploration, response, and negotiation on behalf of each Company with respect to any Conflicts Matter or Transaction (to the extent that all or a portion of the Transaction constitutes a Conflicts Matter), and to act on behalf of each Company and bind such Company in connection therewith, including, without limitation, taking any and all actions to negotiate, resolve, abide by, and implement the decisions and actions of the Special Committee with respect to any such Conflicts Matter or Transaction, which responsibilities may include, but are not limited to, fact investigation, legal research, briefing, discovery, negotiation and settlement of any such Conflicts Matter or Transaction, and communications and meetings with parties in interest with respect thereto;

**WHEREAS**, the Special Committees and the Authorizing Bodies, as applicable, determined, in an exercise of their judgment, to (i) execute and deliver that certain Restructuring Support Agreement, dated as of December 30, 2025, by and among Poseidon Parent, L.P. and the Company Parties, the Consenting First Lien Lenders, the Consenting Creditors, the Sponsor and the Consenting Stakeholders (each as defined therein) (including all exhibits, annexes, and schedules thereto, and as may be amended, modified, or supplemented from time to time, the "Restructuring Support Agreement") and any other document or agreement to which any Company is contemplated to become a party and (ii) authorize the officers of such Company to take any and all actions as any such officer may deem appropriate to effect the transactions contemplated by the Restructuring Support Agreement;

**WHEREAS**, the Restructuring Support Agreement contemplates that each Company will, among other things, file a voluntary petition for relief (the "Bankruptcy Petition") under the provisions of chapter 11 of title 11 of the United States Code, 11 U.S.C. § 101 et seq. (as amended, the "Bankruptcy Code") in the United States Bankruptcy Court for the District of New Jersey (the "Bankruptcy Court") or other court of competent jurisdiction;

**WHEREAS**, the Authorizing Body of each Company has duly considered certain materials presented by, or on behalf of, such Company's management ("Management") and financial and legal advisors (collectively, the "Advisors"), including, but not limited to, materials regarding each Company's liabilities, obligations, and liquidity of such Company, the strategic and financial alternatives available to such Company; the impact of the foregoing on such Company's business and operations, and the advantages and disadvantages of the debtor-in-possession financing facility contemplated in the Restructuring Support Agreement;

**WHEREAS**, the Authorizing Body of each Company has had adequate opportunity to consult with Management and the Advisors regarding the materials presented, to obtain additional information, and to fully consider each of the strategic and financial alternatives available to such Company;

**WHEREAS**, the Authorizing Body of each Company has determined, in its business judgment, that the adoption of the following resolutions is advisable and in the best interests of each Company and its respective stakeholders and other parties in interest; and

**WHEREAS**, the Special Committees have determined that the transactions contemplated by this Consent are in the best interest of Intermediate, Holdings, and each of their subsidiaries and that it is in the best interest of each such Company to authorize any director, manager, or other duly appointed officer of such Company to take any and all actions as any such officer may deem appropriate to effect the transactions contemplated hereby.

## VOLUNTARY PETITION FOR RELIEF UNDER APPLICABLE BANKRUPTCY LAW AND SEEKING NECESSARY RELIEF

**NOW, THEREFORE, BE IT RESOLVED**, that in the business judgment of the Authorizing Body of each Company, it is desirable and in the best interests of each Company, its interest holders, its creditors, and other parties in interest, that each Company shall be, and hereby is, in all respects authorized to file, or cause to be filed, the Bankruptcy Petition in the Bankruptcy

2

Court, for such Company and, in accordance with the requirements of such Company's Organizational Documents and applicable law, hereby consents to, authorizes, and approves, the filing of the Bankruptcy Petitions;

**FURTHER RESOLVED**, that in the business judgment of the Authorizing Body of each Company, it is desirable and in the best interests of each Company, its equityholders, its creditors, and other stakeholders to commence solicitation of votes on the Plan (as defined in the Restructuring Support Agreement), pursuant to section 1125(g) of the Bankruptcy Code, and the commencement of solicitation of votes for or against the Plan is, in all respects, authorized and approved; and

**FURTHER RESOLVED**, that J. Federico Barreto, any director, manager, or other duly appointed officer of each Company (each, an "Authorized Person," and collectively, the "Authorized Persons"), acting alone or with one or more other Authorized Persons be, and hereby is, authorized, empowered, and directed to execute and file on behalf of each Company all petitions, schedules, lists, and other motions, papers, or documents (including the filing of financing statements), and to take any and all action that they deem necessary, appropriate, or desirable to obtain such relief, including, without limitation, any action necessary, appropriate, or desirable to maintain the ordinary course operations of each Company's business.

## RETENTION OF PROFESSIONALS

**RESOLVED**, that each of the Authorized Persons of each Company, each acting individually and with full power of substitution be, and hereby is, authorized, empowered, and directed to employ the following professionals on behalf of such Company: (i) the law firm of Kirkland & Ellis LLP and Kirkland & Ellis International LLP, as general bankruptcy counsel; (ii) Cole Schotz P.C., as local bankruptcy counsel; (iii) FTI Consulting, Inc. as financial advisor; (iv) Evercore Group L.L.C., as investment banker; (v) Stretto, Inc., as claims, noticing, and solicitation agent and administrative advisor; and (vi) any other legal counsel, accountants, financial advisors, restructuring advisors, or other professionals such Authorized Person deems necessary, appropriate, or advisable; each to represent and assist such Company in carrying out its duties and responsibilities and exercising its rights under the Bankruptcy Code and any applicable law (including, but not limited to, the law firms filing any pleadings or responses) and to take any and all actions to advance the rights and obligations of such Company, including filing any motions, objections, replies, applications, or pleadings; and in connection therewith, each of the Authorized Persons be, and hereby is, authorized, empowered, and directed, in accordance with the terms and conditions hereof, to execute (under the company or common seal of such Company, if appropriate) appropriate retention agreements, pay appropriate retainers, and to cause to be filed appropriate applications for authority to retain such professionals.

## CASH COLLATERAL, DEBTOR-IN-POSSESSION FINANCING, AND ADEQUATE PROTECTION

**RESOLVED**, that each Company will obtain benefits, which are necessary and convenient to the conduct, promotion, and attainment of the business of such Company, from (a) the use of collateral, including cash collateral, as that term is defined in section 363(a) of the Bankruptcy Code (the "Cash Collateral"), which is security for certain prepetition secured lenders party to

3

(i) that certain Amended and Restated ABL Credit and Guarantee Agreement, dated as of October 1, 2021 (as amended by that certain First Amendment to Amended and Restated ABL Credit and Guarantee Agreement, dated as of May 11, 2023, as further amended by that certain Second Amendment to Amended and Restated ABL Credit and Guarantee Agreement, dated as of July 5, 2023, as further amended by that certain Third Amendment to Amended and Restated ABL Credit and Guarantee Agreement, dated as of September 22, 2023, as further amended by that certain Fourth Amendment to Amended and Restated ABL Credit and Guarantee Agreement, dated as of June 27, 2024, as further amended by that certain Fifth Amendment to Amended and Restated ABL Credit and Guarantee Agreement, dated as of October 31, 2025, as further amended by that certain Sixth Amendment and Limited Consent to ABL Credit and Guarantee Agreement, dated as of November 12, 2025, as further amended by that certain Seventh Amendment and Limited Consent to Amended and Restated ABL Credit and Guarantee Agreement, dated as of November 19, 2025, as further amended by that certain Forbearance Agreement, Eighth Amendment, and Limited Consent to Amended and Restated ABL Credit and Guarantee Agreement, dated as of December 30, 2025 and as further amended, restated, amended and restated, supplemented or otherwise modified prior to the date hereof, the "ABL Credit Agreement"), by and among Pretium PKG Holdings, Inc., as Parent Borrower, certain Companies party thereto as U.S. Borrowers or a Canadian Borrower, Poseidon Investment Intermediate, Inc., as holdings, as the holders of claims arising under, derived from, based on, or related to the Revolving Loans or Obligations (as defined in the ABL Credit Agreement) (the "ABL Lenders"), and Wells Fargo Bank, National Association, as the administrative agent and collateral agent for the ABL Lenders (the "ABL Agent"), (ii) that certain First Lien Term Loan Credit Agreement, dated as of October 1, 2021, (as amended by that certain First Amendment to First Lien Term Loan Credit Agreement, dated as of December 15, 2021, as further amended by that certain Second Amendment to First Lien Term Loan Credit Agreement, dated as of May 25, 2023, as further amended by that certain Third Amendment to First Lien Term Loan Credit Agreement and First Amendment to Security Agreements, dated as of October 1, 2023, as further amended by that certain Fourth Amendment to First Lien Term Loan Agreement, dated as of November 19, 2025 and as further amended, restated, amended and restated, supplemented or otherwise modified prior to the date hereof, the "First Lien Credit Agreement") by and among Pretium PKG Holdings, Inc., as the borrower, Poseidon Investment Intermediate, Inc., as holdings, each lender from time to time party thereto (collectively, the "First Lien Lenders"), and UBS AG, Stamford Branch, as administrative agent and collateral agent for the First Lien Lenders (the "First Lien Agent"), (iii) that certain Second Lien Credit Agreement, dated as of October 1, 2021 (as amended by that certain First Amendment to Second Lien Term Loan Credit Agreement, dated as of May 25, 2023, as further amended by that certain Second Amendment to Second Lien Term Loan Credit Agreement, dated as of November 19, 2025 and as further amended, restated, amended and restated, supplemented or otherwise modified prior to the date hereof, the "Second Lien Credit Agreement"), by and among Pretium PKG Holdings, Inc., as the borrower, Poseidon Investment Intermediate, Inc., as holdings, UBS AG, Stamford Branch, as administrative agent and collateral agent (the "Second Lien Agent", and together with the ABL Agent and the First Lien Agent, the "Agents"), and each lender from time to time party thereto (collectively, the "Second Lien Lenders", and together with the ABL Lenders and the First Lien Lenders, the "Secured Lenders"), and (b) the incurrence of debtor-in-possession financing obligations under a super-senior secured multi-draw term loan facility (the "DIP Term Loan Facility"), and (c) a debtor-in-possession asset-backed revolver (which shall include a roll up of the "Obligations" (as defined in the ABL Credit

Agreement)) (the "DIP ABL Facility," and together with the DIP Term Loan Facility, the "DIP Facilities");

**FURTHER RESOLVED**, that in order to use and obtain the benefits of the DIP Facilities and Cash Collateral, in accordance with section 363 of the Bankruptcy Code, each Company will provide certain adequate protection to the secured parties (the "Adequate Protection Obligations"), as documented in a proposed order in interim and final form (the "DIP Orders") to be submitted for approval to the Bankruptcy Court;

**FURTHER RESOLVED**, that the form, terms, and provisions of that certain Senior Secured Superpriority Debtor-In-Possession Term Loan Credit Agreement (the "DIP Term Loan Credit Agreement") and that certain Senior Secured, Super-Priority Debtor-In-Possession ABL Credit and Guarantee Agreement (the "DIP ABL Credit Agreement," and together with the DIP Term Loan Credit Agreement, the "DIP Credit Agreements") be, and hereby are, in all respects approved, and each Company is authorized to enter into the DIP Credit Agreements subject to approval by the Bankruptcy Court;

**FURTHER RESOLVED**, that the form, terms, and provisions of the DIP Orders to which each Company is or will be subject, and the actions and transactions contemplated thereby be, and hereby are, authorized, adopted, and approved, and each of the Authorized Persons of each Company be, and hereby is, authorized, directed, and empowered, in the name of and on behalf of such Company, to take such actions and negotiate or cause to be prepared and negotiated and to execute, deliver, perform, and cause each Company's performance of its obligations under the DIP Credit Agreements and the DIP Orders, and such other agreements, certificates, instruments, fee letters, guaranties, notices, receipts, recordings, filings, petitions, motions, or any other papers or documents to which such Company is or will be a party, including, but not limited to, any security and pledge agreement or guaranty agreement (collectively, with the DIP Orders and the DIP Credit Agreements, the "DIP Documents"), incur and pay or cause to be paid all fees and expenses and engage such persons, in each case, in the form or substantially in the form thereof submitted to the Authorizing Body of each Company, with such changes, additions, and modifications thereto as the Authorized Persons of each Company executing the same shall approve, such approval to be conclusively evidenced by such Authorized Persons' execution and delivery thereof;

**FURTHER RESOLVED**, that each Company, as debtor and debtor in possession under the Bankruptcy Code be, and hereby is, authorized to incur the Adequate Protection Obligations and to undertake any and all related transactions on substantially the same terms as contemplated under the DIP Documents (collectively, the "DIP Transactions"), including the guaranty of the obligations thereunder and the granting of liens on substantially all of its assets to secure such obligations;

**FURTHER RESOLVED**, that the Authorized Persons of each Company be, and they hereby are, authorized and directed, and each of them acting alone hereby is, authorized, directed, and empowered in the name of, and on behalf of, such Company, as debtor and debtor in possession, to take such actions as in their discretion is determined to be necessary, desirable, or appropriate to effectuate the DIP Transactions, including delivery of the DIP Documents (including, without limitation, any amendments to any DIP Documents);

5

**FURTHER RESOLVED**, that each of the Authorized Persons of each Company be, and hereby is, authorized, directed, and empowered in the name of, and on behalf of, such Company to file or to authorize the agents under the DIP Facilities (collectively, the "DIP Agents") to file any Uniform Commercial Code (the "UCC") financing statements, any other equivalent filings, any intellectual property filings and recordation, and any necessary assignments for security or other documents in the name of such Company that the DIP Agents deems necessary or appropriate to perfect any lien or security interest granted under the DIP Orders, including any such UCC financing statement containing a generic description of collateral, such as "all assets," "all property now or hereafter acquired," and other similar descriptions of like import, and to execute and deliver, and to record or authorize the recording of, such mortgages and deeds of trust in respect of real property of such Company and such other filings in respect of intellectual and other property of such Company, in each case as the DIP Agents may reasonably request to perfect the security interests of the DIP Agents under the DIP Orders; and

**FURTHER RESOLVED**, that each of the Authorized Persons of each Company be, and hereby is, authorized, directed, and empowered in the name of, and on behalf of, such Company to take all such further actions, including, without limitation, to pay or approve the payment of all fees and expenses payable in connection with the DIP Transactions and all fees and expenses incurred by or on behalf of such Company in connection with the foregoing resolutions, in accordance with the terms of the DIP Documents, which shall in their sole judgment be necessary, proper, or advisable to perform such Company's obligations under or in connection with the DIP Orders or any of the other DIP Documents and the transactions contemplated therein and to carry out fully the intent of the foregoing resolutions.

## FURTHER ACTIONS AND PRIOR ACTIONS

**RESOLVED**, that in addition to the specific authorizations conferred upon the Authorized Persons of each Company in these resolutions, each of the Authorized Persons (and their designees and delegates) be, and hereby is, authorized and empowered, in the name of and on behalf of each Company, to take or cause to be taken any and all such other and further action, including but not limited to, the negotiation, finalization, execution, acknowledgement, delivery, and filing of any and all agreements, certificates, instruments, powers of attorney, letters, forms, transfers, deeds and other documents and to pay all expenses, including but not limited to filing fees, in each case as in such Authorized Person's or Authorized Persons' judgment, shall be determined necessary, appropriate, or desirable in order to fully carry out the intent and accomplish the purposes of these resolutions, such determination to be conclusively evidenced by such Authorized Person or Authorized Persons taking such action or execution thereof;

**FURTHER RESOLVED**, that the Authorizing Body of each Company has received sufficient notice of the actions and transactions relating to the matters contemplated by these resolutions, as may be required by the Organizational Documents of such Company, or hereby waives any right to have received such notice; and

**FURTHER RESOLVED**, that all acts, actions, and transactions relating to the matters contemplated by these resolutions done in the name of and on behalf of each Company, which acts would have been approved by these resolutions except that such acts were taken before the adoption of these resolutions, are by these resolutions, in all respects approved, confirmed, and

6

ratified as the true acts and deeds of each Company with the same force and effect as if each such act, transaction, agreement, or certificate had been specifically authorized in advance by resolution of the Authorizing Body of each Company.

The actions taken by this written consent shall have the same force and effect as if taken at a meeting of the Authorizing Bodies of each Company, duly called and constituted, pursuant to such Company's Organizational Documents and the laws of the state of incorporation/formation of such Company.

This written consent may be executed in any number of counterparts, each of which when so executed and delivered shall be deemed an original, and such counterparts shall together constitute one instrument.

* * * * *

**IN WITNESS WHEREOF**, the undersigned, constituting the member or representative of the Authorizing Bodies of the below-listed Companies, does hereby consent to, approve, and adopt this Consent effective as of the date first written above.

**Pretium Packaging, L.L.C.**

*/s/ James Rooney*

James Rooney, on behalf of Pretium Holding, LLC, as Member of Pretium Packaging, L.L.C.

**Olcott Plastics, LLC**

*/s/ James Rooney*

James Rooney, on behalf of Pretium Packaging, L.L.C., as Member of Olcott Plastics, LLC

**Alpha Consolidated Holdings, LLC**

*/s/ James Rooney*

James Rooney, on behalf of Pretium Packaging, L.L.C., as Member of Alpha Consolidated Holdings, LLC

*[Signature Page to Omnibus Written Consent]*