| |
|---|
| **UNITED STATES BANKRUPTCY COURT**<br>**DISTRICT OF NEW JERSEY**<br>Caption in Compliance with D.N.J. LBR 9004-2(c) |
| **GENOVA BURNS LLC**<br>110 Allen Road, Suite 304<br>Basking Ridge, NJ  07920<br>Phone: (973) 467-2700<br>*Attorneys for Landlord*<br>**DONALD W. CLARKE, ESQ.**<br>**JACLYNN N. McDONNELL, ESQ.**<br>*dclarke@genovaburns.com*<br>*jmcdonnell@genovaburns.com* |
| In re:<br><br>Pretium Packaging, L.L.C., *et al.*,<br><br>                                           Debtors[1]. |

Chapter 11

Case No.: 26-10896
(Jointly Administered)

Hon. Christine M. Gravelle

**LANDLORD'S NOTICE OF CURE AMOUNTS AND LIMITED OBJECTION TO DEBTORS' PLAN AND CURE NOTICE**

Hillsborough Industrial, LLC (the "Landlord"), the pre-petition landlord to Debtor, Pretium Packaging, LLC (the "Debtor"), by and through undersigned counsel, hereby files this limited objection (the "Objection") to (i) *the Debtors' Joint Prepackaged Chapter 11 Plan of Reorganization* (the "Plan") and (ii) *Debtors' Notice of Filing Plan Supplement* (the "Cure Notice"), and respectfully states as follows:

**PRELIMINARY STATEMENT**

1.      This Objection is limited to preserving the Landlord's rights under 11 U.S.C. § 365(b) and objecting to any assumption of the Lease unless and until the Debtors cure all monetary and nonmonetary defaults in full and provides adequate assurance of future performance.

---

[1] The last four digits of Debtor Pretium Packaging, L.L.C.'s tax identification number are 7802. A complete list of each of the Debtors in these chapter 11 cases may be obtained on the website of the Debtors' claims and noticing agent at https://cases.stretto.com/Pretium. The location of the Debtors' service address in these chapter 11 cases is: 2560 White Oak Circle, Suite 120, Aurora, Illinois 60502.

1

2. Although the Plan purports to assume executory contracts and unexpired leases, the Cure Notice fails to identify any cure amount for the Lease and impermissibly reserves to Debtors' the right to amend cure figures after the Effective Date.

3. Such procedures violate § 365(b), which requires cure to be determined and paid at the time of assumption—not deferred.

## JURISDICTION AND VENUE

4. This Court has jurisdiction pursuant to 28 U.S.C. §§ 157 and 1334. Venue is proper pursuant to 28 U.S.C. §§ 1408 and 1409.

## BACKGROUND

5. On January 28, 2026 (the "Petition Date"), the Debtors filed voluntary petitions for relief under Chapter 11 of the United States Bankruptcy Code (the "Bankruptcy Code").

6. Debtors continue to operate as debtors-in-possession pursuant to 11 U.S.C. §§ 1107(a) and 1108.

7. On the Petition Date, the Debtors filed the Plan and the Disclosure Statement.

8. On February 9, 2026, Debtors filed the Cure Notice and Plan Supplement.

**A. The Lease**

9. The Landlord and Debtor are parties to a Lease dated May 28, 1999, as amended multiple times through October 2020 (collectively, the "Lease"), for industrial premises located at 420 Roycefield Road, Hillsborough, New Jersey 08844 (the "Premises").

10. Under the current extension term (July 1, 2021 through June 30, 2027), Debtor is obligated to pay annual base rent ranging from approximately $153,370.80 to $185,578.66, payable in equal monthly installments, together with all additional rent, including taxes, insurance, and utilities.

2

11. The Lease expressly requires Tenant, at its sole cost and expense, to pay all utilities servicing the Premises and provides that such amounts constitute additional rent.

12. The Lease further squarely places responsibility for maintenance, repair, and replacement of mechanical systems—including rooftop HVAC equipment—on Tenant, requiring Tenant to keep such systems in good order and to bear all related costs.

13. Section 8 of the Lease additionally obligates Tenant to remove, repair, and restore rooftop equipment and affected areas, confirming that HVAC-related expenditures and exterior restoration constitute recoverable Lease charges.

14. The Lease also requires Tenant to maintain exterior areas and appurtenant improvements and to restore any damage resulting from Tenant's occupancy or operations, all at Tenant's sole cost and expense.

B. **HVAC Replacement**

15. On January 29, 2026, Statewide Mechanical issued Proposal No. 204511, *attached hereto as* **Exhibit A**, for replacement of two (2) 30-year-old rooftop HVAC units serving the Premises.

16. The proposal includes removal of existing units and installation of two new Coleman RTUs with economizers, for a total budget price of $39,500.00, exclusive of permit fees and certain electrical work. *See* Exhibit A.

17. Because the Lease expressly assigns responsibility for HVAC systems and mechanical components to Tenant, the RTU replacement expense constitutes a Lease obligation and therefore forms part of the Cure Amount required under 11 U.S.C. § 365(b).

C. **Parking Lot Re-Pavement/Exterior Restoration**

3

18. In addition to the HVAC replacement, the Landlord has incurred, and continues to incur, substantial costs associated with deterioration of the asphalt parking lot and exterior paved areas serving the Premises.

19. Due to prolonged deferred maintenance and improper storage of shipping containers on the asphalt during Tenant's occupancy, the parking lot now requires full resurfacing and re-pavement. The Landlord estimates the cost of such work to be approximately $133,281.25 (the "Parking Lot Restoration Cost"). Attached hereto as **Exhibit B.**

20. Pursuant to the Lease, Tenant is responsible for maintenance and restoration of exterior areas and improvements and must bear such costs as additional rent and/or recoverable Lease charges.

21. Accordingly, the Parking Lot Restoration Cost must be included in the Cure Amount required under 11 U.S.C. § 365(b) as a condition precedent to assumption of the Lease.

## OBJECTION AND CURE AMOUNTS

22. While the monthly rent under the Lease is not in arrears at this time, the Landlord is unsure when the assumption or assignment is expected to be finalized and reserves its right to demand any accrued rent or other payments due under the Lease as of assumption, including, but not limited to, additional rent (taxes, insurance, utilities); late charges and interest, and attorneys' fees under the Lease.

23. The Landlord therefore asserts a Cure Amount of no less than **$172,781.25**, exclusive of additional post-petition rent, permit fees, electrical connection costs, or further restoration expenses, all of which Landlord expressly reserves the right to supplement.

24. Section 365(b)(1) of the Bankruptcy Code provides that a debtor may not assume an unexpired lease unless, at the time of assumption, the debtor:

4

    a. cures, or provides adequate assurance of prompt cure of, all monetary defaults;

    b. compensates the non-debtor party for any actual pecuniary loss; and

    c. provides adequate assurance of future performance. cures all defaults,

25. These requirements are mandatory and must be satisfied as a condition precedent to assumption. A debtor may not confirm a plan that assumes a lease while postponing, reserving, or conditionally determining cure obligations.

26. Here, the Plan and Cure Notice fail to comply with § 365(b) in multiple respects.

**A. The Debtors Failed to Identify Any Cure Amount for the Lease**

27. The Cure Notice does not specify any cure amount for the Lease, notwithstanding Debtors' stated intent to assume it.

28. Instead, the Plan permits Debtors to amend the "Schedule of Proposed Cure Amounts" up to forty-five (45) days after the Effective Date, while simultaneously requiring counterparties to object within fourteen (14) days of filing.

29. This framework improperly shifts the statutory burden from the Debtors to the Landlord and deprives the Landlord of its right to evaluate — before assumption — whether all defaults are being cured.

30. Section 365(b) places the burden squarely on the debtor to affirmatively establish the full cure amount and provide adequate assurance. It does not permit a debtor to assume first and quantify cure later.

**B. Cure Must Be Determined and Paid at the Time of Assumption — Not Deferred**

31. The Bankruptcy Code requires cure to be addressed contemporaneously with assumption. A debtor cannot reserve the right to revise cure amounts post-confirmation or after the Effective Date.

5

32. By proposing to assume the Lease while leaving cure amounts open-ended and subject to later amendment, Debtors seek to rewrite § 365(b) and transform cure into a post-confirmation claims process.

33. That result is impermissible. Cure is not an unsecured claim subject to later reconciliation; it is a statutory prerequisite to assumption.

34. Allowing Debtors to assume the Lease without first fixing and paying cure would improperly elevate Debtors' reorganization objectives over the Landlord's contractual and statutory rights.

**C. Repair and Restoration Obligations Are Cure, Not Optional Capital Costs**

35. The Lease expressly places responsibility on Tenant for mechanical systems, rooftop equipment, and exterior restoration, including HVAC replacement and parking lot resurfacing.

36. These are not discretionary capital improvements. They are monetary defaults arising under the Lease and therefore constitute Cure within the meaning of § 365(b).

37. Debtors' failure to include the $39,500 HVAC replacement expense and the approximately $200,000 parking lot restoration obligation in the Cure Notice reflects an improper attempt to recharacterize Lease defaults as general unsecured claims.

38. Section 365 does not permit a debtor to selectively assume the benefits of a lease while shedding its burdens.

**D. The Plan's Cure Procedures Deprive the Landlord of Meaningful Due Process**

39. The Plan's cure framework also violates fundamental due process principles by requiring counterparties to object before cure amounts are even disclosed.

6

40. Without a stated cure amount, the Landlord cannot meaningfully assess compliance with § 365(b), evaluate adequate assurance of future performance, or determine whether assumption is economically acceptable.

41. This procedural defect alone warrants denial of assumption absent full disclosure and payment of cure.

### E. Assumption Must Be Conditioned on Full Cure and Adequate Assurance

42. Because Debtors have not identified or paid the Cure Amount, and because substantial Lease defaults remain outstanding, Debtors cannot assume the Lease unless and until: (a) all monetary defaults are fully cured, including HVAC replacement and parking lot restoration; (b) the Landlord is compensated for all pecuniary losses; and (c) Debtors provide adequate assurance of future performance.

43. Anything less would contravene § 365(b) and impermissibly impair the Landlord's rights.

44. Accordingly, because the Plan and Cure Notice fail to identify, fix, and provide for payment of the full Cure Amount as required by 11 U.S.C. § 365(b), and improperly reserve Debtors' right to determine cure post-confirmation, the Lease cannot be assumed through confirmation of the Plan. Unless and until Debtors pay all outstanding Rent and additional rent, satisfy the HVAC replacement obligation, fund the parking lot restoration, and provide adequate assurance of future performance, any attempted assumption of the Lease would be statutorily defective and must be denied.

## RESERVATION OF RIGHTS

45. Landlord reserves all rights, including the right to object to adequate assurance and to supplement this Objection.

## CONCLUSION

**WHEREFORE**, for the foregoing reasons, the Landlord respectfully requests that this Court enter an Order: (i) sustaining this Objection; (ii) denying assumption of the Lease unless and until Debtors comply with 11 U.S.C. § 365(b) by paying in full all Cure Amounts, including without limitation unpaid Rent, utilities, the $39,500 HVAC replacement expense, the approximately $200,000 parking lot restoration cost, and all other Lease-related charges; (iii) requiring Debtors to provide adequate assurance of future performance under the Lease; (iv) prohibiting Debtors from assuming the Lease pursuant to the Plan absent full statutory cure; and (v) granting such other and further relief as this Court deems just and proper.

Respectfully submitted,

**GENOVA BURNS LLC**
*Attorneys for Landlord*

Dated: February 16, 2026

By: _____
Donald W. Clarke, Esq.