| |
|---|
| UNITED STATES BANKRUPTCY COURT<br>DISTRICT OF NEW JERSEY |
| **Caption in Compliance with D.N.J. LBR 9004-1(b)**<br>SALDUTTI LAW GROUP<br>Rebecca K. McDowell, Esquire – RM3223<br>1040 Kings Highway North, Suite 100<br>Cherry Hill, NJ 08034<br>(856) 779-0300<br>Counsel for Customers Commercial Finance, LLC |
| In Re:<br><br>Pretium Packaging, L.L.C., et. al.,<br><br>                Debtors.[1] |

Case No.:   26-10896-CMG

Chapter:    11

(Jointly Administered)

Hrg Date:   February 23, 2026

Judge:      Hon. Christine M. Gravelle

**CUSTOMERS COMMERCIAL FINANCE, LLC'S**
**OBJECTION TO CONFIRMATION OF CHAPTER 11 PLAN**

      NOW COMES Customers Commercial Finance, LLC ("CCF"), by and through counsel, Saldutti Law Group, and for its Objection to the Confirmation of the Chapter 11 Plan in this case sets forth as follows.

**DEBTORS' OBLIGATIONS TO CCF**

      1.      On July 15, 2020, Pretium Packaging, L.L.C. ("Packaging") entered into a Master Lease Agreement with CCF for the purchase of certain equipment to be described in subsequent lease schedules ("MLA"). See Exhibit A.

---

[1] The last four digits of Debtor Pretium Packaging, L.L.C.'s tax identification number are 7802. A complete list of each of the Debtors in these chapter 11 cases may be obtained on the website of the Debtors' proposed claims and noticing agent at https://cases.stretto.com/Pretium. The location of the Debtors' service address in these chapter 11 cases is: 2560 White Oak Circle, Suite 120, Aurora, Illinois 60502.

2. The MLA is a capital lease or finance lease as set forth in Article 2A of the Uniform Commercial Code rather than a true lease; Packaging selected and purchased the equipment, CCF reimbursed Packaging, and then CCF leased the equipment back to Packaging.

### Schedule 001 to the MLA

3. On July 31, 2020, the parties commenced Schedule 001 to the MLA for purchase of the equipment listed therein ("Schedule 001"). See Exhibit B.

4. Packaging was to make 54 monthly payments of $100,592.13 for the equipment listed on Schedule 001 ("001 Equipment"), as set forth in the amendment. See Exhibit B.

5. On July 16, 2020, CCF filed a UCC-1 Financing Statement to perfect its lien as to the 001 Equipment ("001 UCC"). See Exhibit C.

6. Packaging's secured lender, KKR Loan Administration Services, LLC, as Collateral Agent ("KKR"), executed a lien subordination agreement and waivers of interest whereby it agreed that CCF was in first position as to the 001 Equipment ("001 Subordination"). See Exhibit D.

7. As set forth in Paragraph 29 of the MLA, the UCC filing is precautionary and "shall not be evidence that the Lease is intended as security". See Exhibit A.

### Schedule 002 to the MLA

8. On March 31, 2021, the parties commenced Schedule 002 to the MLA for the purchase of the equipment listed therein ("Schedule 002"). See Exhibit E.

9. Packing was to make 1 monthly payment of $103,589.92 and 59 monthly payments of $103,778.53 for the equipment listed on Schedule 002 ("002 Equipment"). See Exhibit E. Subsequently,

10. On March 24, 2021, CCF filed a UCC-1 Financing Statement to perfect its lien as to the 002 Equipment ("002 UCC"). See Exhibit F. Subsequently, the (1) SourceLink Yaskawa/Motoman 6-Axis Industrial Robot with Snapco A550 Automatic Pallet Dispenser was sold on November 10, 2021; this sale reduced the remaining 52 monthly payments to $95,821.12.

11. Packaging's secured lenders, Wells Fargo Bank, N.A. ("Wells Fargo") and Credit Suisse AG, Cayman Islands ("Credit Suisse") executed lien subordination agreements whereby they agreed that CCF was in first position as to the 002 Equipment ("002 Subordinations"). See Exhibit G.

12. As set forth in Paragraph 29 of the MLA, the UCC filing is precautionary and "shall not be evidence that the Lease is intended as security". See Exhibit A.

### Term Loan 2999

13. On December 28, 2022, Packaging, along with Pretium Pkg Holdings, Inc. ("Pkg Holdings"); Alpha Plastics of Utah, LLC ("Alpha of Utah"); Alpha Plastics, Inc. ("Alpha Plastics"); and Progressive Plastics, Inc. ("Progressive") (collectively "Borrowers") entered into a Master Security Agreement with CCF for the financing of certain equipment ("MSA"). See Exhibit H.

14. On December 30, 2022, Borrowers borrowed the sum of $11,000,000 ("2999 Loan") under the MSA, and in connection therewith, executed note and schedule 2999 ("2999 Note"). See Exhibit I.

15. The 2999 Loan is secured by the equipment listed in the exhibit to the 2999 Note ("2999 Equipment"). See Exhibit I.

16. On December 30, 2022, CCF filed a UCC-1 Financing Statement to perfect its lien as to the 2999 Equipment ("2999 UCC"). See Exhibit J.

17. Wells Fargo and Credit Suisse executed lien subordination agreements whereby they agreed CCF was in first position as to the 2999 Equipment ("2999 Subordinations"). See Exhibit K.

18. The 2999 Loan is guaranteed by Poseidon Investment Intermediate, Inc. ("Poseidon"); Pretium Holding, LLC ("Pretium Holding"); Olcott Plastics, Inc. ("Olcott"); Mount Royal, LLC ("Mount Royal"); Starplex Scientific Corp. ("Starplex"); Alpha Consolidated Holdings, Inc. ("Alpha Consolidated"); Alpha Packaging Acquisition, Inc. ("Alpha Acquisition"); Alpha Packaging Holdings ("Alpha Packaging"); Alpha Plastics of New York ("Alpha New York"); Alpha Packaging (Michigan) Inc. ("Alpha Michigan"); Alpha Packaging (North East) Inc. ("Alpha North East"); Alpha Packaging (Southeast) Inc. ("Alpha Southeast"); and Alpha Packaging (Minnesota) Inc. ("Alpha Minnesota") (collectively "Guarantors").

**Bankruptcy Filing and Chapter 11 Plan**

19. On January 28, 2026 ("Petition Date"), Borrowers; Guarantors; Pretium Canada Packaging ULC; and Poseidon Parent, L.P. (collectively "Debtors") filed separate Chapter 11 petitions in this Court; the cases are jointly administered per order dated January 30, 2026.

20. On January 28, 2026, Debtors filed the Joint Prepackaged Chapter 11 Plan ("Plan") and the Disclosure Statement.

21. The confirmation hearing and the hearing on approval of the disclosure statement are set for February 23, 2026.

22. By order of this Court, Debtors are not required to file Schedules.

23. The Chapter 11 Plan provides for assumption of all leases. See Plan at Art.V.A. and Plan Supplement.

24. The Chapter 11 Plan provides for various classes of secured claims; Class 1, Other Secured Claims, defined as all secured claims that are not part of Class 4 (First Lien Tranche A-1 Claims) or Class 5 (Second Lien Claims), is treated as follows:

    i. Payment in full;

    ii. Reinstatement;

    iii. Surrender in full satisfaction; <u>or</u>

    iv. "such other treatment rendering [it] unimpaired in accordance with Section 1124 of the Bankruptcy Code".

See Plan at Art.III.B.1.

25. As set forth herein, the MLA is not a true lease but a finance lease.

26. As set forth herein, CCF has a first lien on all equipment described in Schedule 001, Schedule 002, and Schedule 2999.

27. Schedule 001 terminated pre-petition.

28. Schedule 002 will terminate in March 2026.

29. The 2999 Loan matures in January 2028.

30. As set forth in Paragraph 29 of the MLA, the UCC filing is precautionary and "shall not be evidence that the Lease is intended as security. If for any reason the Lease is determined not to be a lease or is determined to be a secured transaction", then the leased equipment is cross-collateralized, and so the 001 Equipment and the 002 Equipment also secure the 2999 Loan. See Exhibit A

31. As of the Petition Date, the amount due on the 2999 Loan was $4,952,787.38, including accrued interest.

32. As of February 12, 2026, the amount due on the 2999 Loan was $4,745,008.84, with interest accruing at $1,032.40 per diem.

33. Debtors are current, pre- and post-petition, on all obligations owed to CCF.

34. CCF objects to confirmation of the Plan to the extent that it fails to specify treatment of CCFs claims.

35. Specifically, the Plan fails to articulate whether the MLA shall be treated as a lease to be assumed or as an Other Secured Claim.

36. The Plan further fails to articulate whether the MSA and Schedule 2999 are deemed an Other Secured Claim.

37. CCF further objects to confirmation of the Plan to the extent that it proposes the potential for surrender in full satisfaction without providing a value for the potentially surrendered collateral, potentially depriving CCF of its right to a deficiency claim in the event the collateral is insufficient to make CCF whole.

38. CCF further objects to confirmation of the Plan to the extent that it provides a range of potential outcomes for Other Secured Claims rather than specific outcomes. If confirmed as is, Debtors will be discharged as to these allegedly unimpaired claimants, which claimants, at present, lack clarity regarding how they will specifically be treated post-confirmation.

39. CCF's objections may be resolved by either a modified plan or language in the confirmation order providing for specific treatment of CCF's claims.

Wherefore, Customers Commercial Finance, LLC respectfully requests that the confirmation of Debtors' Chapter 11 Plan be denied as proposed.

                                        Respectfully submitted,
                                        SALDUTTI LAW GROUP
                                        Counsel for Customers Commercial Finance, LLC

                                        */s/ Rebecca K. McDowell*
                                        REBECCA K. MCDOWELL, ESQ.

Dated: February 16, 2026